Opinion of the court by
Southard J.
The road in question, commences at Cranbury, in Middlesex, and ends at Freehold, in Monmouth. It was laid out by certain surveyors of the highways, appointed at the last term of this court. Their return was presented at this term, and a motion is now made to quash it upon three grounds.
1. That the surveyors met on the 23d, and their report is signed on the 26th, and it does not appear whether they had adjourned in the mean time. This was supposed, by the counsel, to be necessary, because the law prescribes the mode in which an adjournment is to be made, and the conditions on which alone it can be authorised. This is true; the surveyors must adjourn and meet, in the mode there prescribed, and did it appear *330 that there had been an adjournment, it ought also to apthat that adjournment was, in all respects, legal and . jn tliis instance, it does not-certainly appear that any took place ; on the contrary, from the length of road to be examined, and the time between their meeting and the date of the return, it is perhaps reasonable to conclude, that none took place. Where none did take place, nothing need be said on the subject in their report.
2. The road crosses the township and county lines, and these ought to appear on the map or draft. The law requires that the surveyors should “make a map or draft of the road, with the courses and distances, and reference to the most remarkable places, and the improvements through which it may pass.-’ The return and map in question, exhibit the courses and distances, *the villages, bridges, farm-houses, &c. The only omission, on this point, is the one stated by the counsel; and I am not aware that putting these lines on the map was required, either by the law or a wise caution in the surveyors. The object of the provision, was to designate such places as would ascertain and fix the course and direction of the road. I do not perceive that this could be in any degree promoted by laying down a township or county line, over which it passed. Besides, the real position of these lines is in many, perhaps most instances, difficult to be ascertained. The surveyors might not be able to find it at all, or with great difficulty. Why then require the useless task at their hands. If they laid it down with the most minute care, it would not facilitate their own labour, or be of the least binding obligation on this or any other subject.
3. The surveyors have not sufficiently fixed the time when the road is to be opened, and there is no authority to correct this error. It can only be done by quashing the return and having another made.
The law, sec. 5, requires the surveyors, in their return, to fix the time when the overseers of the highway shall open the road. This time is matter of high interest to the landholder. -It ascertains the period to which he may use his land, and at which the possession of his freehold is to be taken from him. It is also important to the public ; *331 for tile same section declares, that it shall be a public highway from the time specified, and consequently every zen may use it as such. The fixing of the time, is an essential and an indispensable part of the surveyor’s duty. They, and they only, can exercise this discretion. If they neglect to do it, the freeholders who come after them, and the court who review their proceedings, have no mode of remedying the neglect. The freeholders can only report on the necessity and usefulness of the road; the court can only correct their errors in matters of law.
But in fixing this time, the surveyors cannot, from the very nature of the task to be performed, be required to confine themselves to a single day ; they may take more latitude. The road cannot be opened in a day; the time for opening it may be, with propriety, extended in some cases, to many days, and if they prescribe the period within which it is to be done, they substantially comply with the law. Thus if they say, it shall be opened *between the first day of one month or week, and the first day of the next week or month, it is sufficient. The court seems to me, not to have the power to declare, that they have exercised their discretion improperly and illegally.
In the present case, the words of the return are, that the road shall be opened “ on or before the first day of September next.” The natural, legal, and correct construction of these words, is, that the surveyors shall open the road, between the date of the return, and the first day of September, a period of nearly a year. Whether this be not too long a time, 1 am not prepared to say ; it would seem to me not to be a very discreet exercise of their discretion ; but it is a fixing of the time. The surveyors can understand that they may do it at any time within that period. And although much latitude is thus allowed, I cannot say, for the law does not give me the power to say, that they have so erred as to render their return illegal and ineffectual.
I do not think it necessary here, to enter into the objection which was so zealously argued, how far this court may go in setting aside the return of the surveyors, under that provision of the act which forbids setting them aside for illegality or irregularity in the proceedings. The ob *332 jection not being well supported by the return itself, renthat question of no importance. I will merely remark, j see n0 great difficulty in the statute upon that point. The court has the power, superintending and remedial, in cases of this nature, and this statute seems not to have taken it away.-
The return must be recorded.